[No. F044322. Fifth Dist. June 23, 2004.]

In re BRIAN N., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
BRIAN N., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

____

[*]Pursuant to California Rules of Court, rule 976(b), this opinion is certified for publication with the exception of the introductory portion of the Discussion and Part I.

## COUNSEL

Jackie Menaster, under appointment by the Court of Appeal; and Gary Riebesell for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Charles A. French and John A. Thawley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT**\*—Minor appellant Brian N. admitted committing a misdemeanor violation of causing a fire to a structure or forest land. (Pen. Code, § 452, subd. (c).) According to his probation report, 14-year-old Brian and a companion started a grass fire on a vacant field by playing with fireworks. The juvenile court adjudged Brian a ward of the court, placed him on formal probation with various terms and conditions, and ordered him to pay $1,195.41 in restitution to the California City Fire Department (Fire Department).

On appeal, Brian contends the juvenile court improperly failed to consider him for informal probation under Welfare and Institutions Code section 725, subdivision (a)[1] because the amount of restitution exceeded $1,000. Brian also believes the juvenile court's restitution order was unauthorized by law. We disagree with both arguments and affirm the disposition.

### DISCUSSION†

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I. *Informal Probation*†

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Restitution to the Fire Department*

■ When a minor is adjudged a ward of the court, the juvenile court must order restitution to reimburse a victim for "any economic loss" resulting from the minor's conduct bringing him within the court's jurisdiction. (§ 730.6, subds. (a)(1) & (h).) The juvenile court may order restitution to any legal entity that is a "direct victim" of an offense. (§ 730.6, subd. (k).) Brian claims the juvenile court imposed an unauthorized restitution order to the Fire Department because the firefighters were not the direct victims of the property damage and did not suffer any economic loss in putting out the fire.

"The standard of review of a restitution order is abuse of discretion. 'A victim's restitution right is to be broadly and liberally construed.' [Citation.] ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the

---

\*Before Vartabedian, Acting P. J., Wiseman, J., and Cornell, J.

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

†See footnote, *ante*, page 591.

reviewing court." ' " (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 [123 Cal.Rptr.2d 316] (*Johnny M.*).)

■ The juvenile court is vested with discretion to order restitution in a manner that will further the legislative objectives of making the victim whole, rehabilitating the minor, and deterring future delinquent behavior. (*In re S.S.* (1995) 37 Cal.App.4th 543, 549 [43 Cal.Rptr.2d 768]; *In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387 [122 Cal.Rptr.2d 376].)

Brian compares reimbursing a fire department to reimbursing an insurance carrier, which the Supreme Court has found not a direct victim. (*People v. Birkett* (1998) 21 Cal.4th 226, 233 [87 Cal.Rptr.2d 205, 980 P.2d 912].) He insists that only the owner of the vacant lot in which he caused the fire is the direct victim worthy of restitution under section 730.6. Brian believes a fire department may be the direct victim of the crime of arson only where the damage is to its own firehouse.

The Supreme Court, however, has found that a direct victim of welfare fraud may be a government agency that administers the program. (*People v. Crow* (1993) 6 Cal.4th 952, 957 [26 Cal.Rptr.2d 1, 864 P.2d 80].) "A 'victim' is a 'person who is the object of a crime. . . .' " (*Ibid.*, citing Black's Law Dict. (5th ed. 1979) p. 1405, col. 2.) "When someone steals from a government agency, that agency, and the taxpayers who fund it, suffer a loss that is no less than the loss suffered by an individual whose property has been stolen." (*People v. Crow, supra*, at p. 957.)

■ A local fire department maintains the duty and responsibility to fight fires and minimize the danger of fire. (See generally Health & Saf. Code, § 13000, et seq.; Gov. Code, §§ 25210.50, 38611; *City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29, 56–61 [115 Cal.Rptr.2d 151].) Given a fire department's duties and responsibilities, the juvenile court could reasonably find the Fire Department was a "direct victim" of Brian's unlawful burning of a vacant lot requiring firefighting protection.

Brian further contends the Fire Department did not suffer any "economic losses" because the cost of fighting a fire was collateral to his conduct of causing the fire. Brian suggests "economic losses to the land might include damage to structures on the land or even valuable timber on the land itself[,]" but that the cost of firefighting is not an actual economic loss. According to the Fire Department's expense worksheet, the department attributed its requested $1,195.41 restitution almost entirely to labor costs.

■ Although Brian disagrees with the decision, an appellate court has already held that in addition to actual property damage, "a restitution award

may also properly include the reasonable value of employee work product lost as a result of the criminal conduct of another, be that person a minor or an adult." (*Johnny M., supra,* 100 Cal.App.4th at p. 1134.) The court in *Johnny M.* specifically found a school district's labor expense of cleaning up and repairing classroom damage caused by a minor an "economic loss" for which the juvenile court could order restitution. Moreover, Health and Safety Code, section 13009, subdivision (a) makes any person "who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by him or her to escape onto any public or private property . . . liable for the fire suppression costs incurred in fighting the fire . . . and those costs shall be a charge against that person." Under *Johnny M.* and the Health and Safety Code, the juvenile court issued Brian an authorized restitution order to reimburse the Fire Department's expense in fighting the fire.

## DISPOSITION

The judgment is affirmed.

A petition for a rehearing was denied July 12, 2004, and appellant's petition for review by the Supreme Court was denied September 29, 2004. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.