Filed 4/10/13  P. v. Solari CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055426 |
| v. | (Super.Ct.No. FSB1102808) |
| GEORGE JOSEPH SOLARI, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed as modified.

Raymond M. DiGuiseppe, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry J. T. Carlton and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant George Joseph Solari of one count of arson of property (Pen. Code, § 451, subd. (d), count 1)[1] and two counts of arson of forest land (§ 451, subd. (c), counts 3 & 4). The jury also found true the allegations that defendant had suffered two prior prison terms. (§ 667.5, subd. (b).) A trial court sentenced defendant to a total term of eight years in state prison. The court also ordered defendant to pay various fines, including $386.82 in victim restitution to the San Bernardino City Fire Department, pursuant to section 1202.4.

On appeal, defendant argues that the court erred in awarding victim restitution to the San Bernardino City Fire Department. The People correctly concede.

FACTUAL BACKGROUND

At approximately 8:00 p.m. on June 21, 2011, Glenn Willwerth was at his office when the motion sensor of his building was activated. He looked out his office window and saw a large fire across the field. While he called the fire department, he noticed an individual standing near the fire. He saw the individual's head "pop up" near some hedges and then "go back down below." All together, he observed three separate fires shoot up in the area.

The San Bernardino City Fire Department responded to the scene. A firefighter observed an individual standing near the fires and approached him. The individual, later identified as defendant, started walking away. When the firefighter commanded him to stop, he began to run. The firefighter eventually caught up to him. Defendant was

_____

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

arrested by the police. A fire investigator later determined that there were three separate fires that had been intentionally ignited.

At trial, the Director of Transit and Rail Programs for the San Bernardino Associated Governments (SANBAG), the county transportation commission, testified that SANBAG owned the property that was burned.

ANALYSIS

The Trial Court Erred in Awarding Victim Restitution to the San Bernardino City Fire Department

At the sentencing hearing, the court ordered defendant to pay $386.82 in restitution under section 1202.4 to the victim, which the prosecutor identified as the San Bernardino City Fire Department. Defendant now argues that the victim restitution award was improper and should be stricken, since the San Bernardino City Fire Department was not a direct victim under section 1202.4. The People concede that the restitution order was improper.

Section 1202.4, subdivision (f), provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." For purposes of this section, the term "victim" includes a "government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime." (§ 1202.4, subd. (k)(2).)

3

Here, the San Bernardino City Fire Department cannot be considered a "direct victim." In *In re Brian N.* (2004) 120 Cal.App.4th 591 (*Brian N.*), a minor admitted to starting a grass fire on a vacant field. The court affirmed a restitution order to a local fire department, finding that the fire department was a direct victim of the crime under section 1202.4, given its duty and responsibility "to fight fires and minimize the danger of fire." (*Id*. at pp. 593-594.)

However, about one year later, in *People v. Martinez* (2005) 36 Cal.4th 384 (*Martinez*), the Supreme Court held that the Department of Toxic Substance Control, the state agency that disposed of the toxic substances found at an illegal drug laboratory, was not a direct victim for restitution purposes. (*Id*. at pp. 393-394.) The Court found that the defendant's attempt to manufacture methamphetamine "was not an offense committed against the Department, nor was the Department the immediate object of his crime." (*Id*. at p. 393.) The Court expressly stated that it disapproved of *Brian N.*, *supra*, 120 Cal.App.4th 591, "to the extent it holds that a fire department that has incurred labor costs in fighting a fire on a vacant lot not owned by the department is a direct victim of the crime of unlawfully causing a fire [Citation] . . . ." (*Martinez*, *supra*, 36 Cal.4th at p. 394, fn 2.)

Here, the San Bernardino City Fire Department cannot be considered a direct victim since defendant's crime was not committed against the fire department. Thus, the

trial court erred in ordering victim restitution under section 1202.4.[2]  Accordingly, the judgment should be modified to strike the $386.82 in victim restitution the court awarded to the San Bernardino City Fire Department.

DISPOSITION

The judgment is modified to strike the order that defendant pay $386.82 in victim restitution to the San Bernardino City Fire Department.  The superior court clerk is directed to amend the sentencing minute order and abstract of judgment to reflect this modification and to forward a copy of the amended minute order and abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

RICHLI
J.

---

[2]  We note that defendant's failure to object to the restitution award below did not forfeit the issue on appeal.  Since a restitution order to a governmental agency that was not a direct victim is an "unauthorized sentence," the forfeiture rule does not apply.  (See *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1094-1095.)