Filed 3/5/14  P. v. Delgado CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDREW ANTHONY DELGADO,<br><br>    Defendant and Appellant. | 2d Crim. No. B247537<br>(Super. Ct. No. 2012040106)<br>(Ventura County) |

Andrew Anthony Delgado appeals from the judgment entered following his no contest plea to animal cruelty and arson.  (Pen. Code, §§ 597, subd. (a), 451, subd. (d).)[1]  The trial court sentenced appellant to state prison and ordered him to pay victim restitution in the amount of $5,807.84 to the Ventura County Fire Protection District (§ 1202.4).  Appellant's sole contention on appeal is that the court erred by ordering him to pay restitution to the county fire district.  Respondent concedes the error.  We accept its concession, strike the improper restitution order, and otherwise affirm the judgment.

The county fire district is not named as a victim of appellant's crimes.  The only victim named in the complaint is James Delgado.  In ordering appellant to pay victim restitution to the county fire district, the trial court cited section 1202.4, the victim restitution statute.  Subdivision (f) of that section provides that "in every case in which a

---

**1** All further statutory references are to the Penal Code, unless otherwise designated.

victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court."  For purposes of section 1202.4, the term "'victim' shall include . . . governmental subdivision, agency, or instrumentality, or any other legal . . . entity when that entity is a direct victim of a crime."  (§ 1202.4, subd. (k)(2).)

Section 1202.4 authorizes the payment of restitution only to direct victims of crimes.  It does not authorize an award of victim restitution to "a fire department that has incurred labor costs in fighting a fire [on property] not owned by the department." (*People v. Martinez* (2005) 36 Cal.4th 384, 394, fn. 2 [disapproving *In re Brian N.* (2004) 120 Cal.App.4th 591, which upheld such an award to a fire department].)  Because the county fire district was not a direct victim of appellant's crimes, the court erred by ordering appellant to pay the district section 1202.4 restitution.

## DISPOSITION

We strike the order directing appellant to pay victim restitution to the county fire district.  The superior court clerk is directed to amend the abstract of judgment to reflect this modification and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

2

Bruce A. Young, Judge

Superior Court County of Ventura

_____


California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.