Filed 12/18/15  P. v. Elder CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E062417 |
| v. | (Super.Ct.No. RIF1401288) |
| KENNETH JAMES ELDER, JR., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  Affirmed.

Michael A. Hestrin, District Attorney and Kelli M. Catlett, Deputy District Attorney, for Plaintiff and Appellant.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Respondent.

Defendant Kenneth Elder, Jr., is serving 11 years in prison after pleading guilty to an arson charge for throwing a Molotov cocktail at an apartment building.  The People appeal from the trial court's order, made at the continued restitution hearing, to strike the

plea agreement term that defendant pay restitution to the Riverside City Fire Department (RFD). For the reasons discussed below, we affirm the court's order.

FACTS AND PROCEDURE

On February 27, 2014, defendant threw a bottle filled with gasoline against the exterior wall of an apartment building. This caused a small fire that the apartment manager put out before the RFD arrived. The fire caused a small amount of damage to the stucco.

On May 14, 2014, the People filed a first amended complaint charging defendant with two counts of attempted first degree murder (Pen. Code §§ 664 & 187, subd. (a)),[1] one count of arson (§ 451, subd. (b)) with an enhancement for using an accelerant (§ 451.1, subd. (a)(5)), one count of using a destructive device (§ 18740), misdemeanor disorderly conduct (§ 166, subd. (a)(1)) and misdemeanor trespass (§ 602, subd. (m)).

On July 16, 2014, defendant pled guilty to arson with the accelerant enhancement in exchange for the other five charges being dismissed. As part of the agreement, defendant agreed to pay restitution to the property owner and to the RFD in an amount to be determined at sentencing.

On August 15, 2014, the trial court sentenced defendant as agreed to the upper term of eight years for the arson and the lower term of three years for the accelerant enhancement, for a total prison sentence of 11 years. The court also ordered defendant to pay $310.65 to the owner of the apartment building and $3,360.23 to the RFD "for

---

[1] All section references are to the Penal Code unless otherwise indicated.

suppression and investigation." The minute order, but not the record transcript, shows a restitution hearing was set for August 19, which was later continued to September 22.

On September 8, 2014, defendant filed a "Memorandum of Points and Authorities Regarding Claimed Fire Department Restitution." Defendant argued the fire suppression and investigation costs are not collectible as criminal restitution under section 1202.4 and *People v. Martinez* (2005) 36 Cal.4th 384 (*Martinez*), because the RFD is not a direct victim of the arson. On September 22, 2014, the People filed their "Brief Regarding Restitution to Fire Department under HS Code 13009." The People argued the holding in *Martinez* is irrelevant because fire suppression and investigation costs are specifically recoverable under Health and Safety Code section 13009. Further, the People argued the court could order defendant to pay these costs as part of the criminal case, rather than leaving the RFD to waste judicial resources by having to file a separate suit in civil court. Finally, the People pointed out that, in the plea agreement, defendant agreed to make the payment and received consideration in return, with only the amount of the payment to be determined.

On September 22, 2014, the court heard argument from the parties as to whether the court had the power to order victim restitution to the RFD as set forth in the plea agreement. The People asked that "the Court uphold the plea agreement rather than strike down that portion of the plea. If that portion of the plea is struck down then the People would request instead to have the plea withdrawn because it was a part of the plea agreement and to allow us to proceed to trial." The court concluded that RFD's sole

3

remedy for restitution is a civil action pursuant to Health and Safety Code section 13009 and struck that part of the restitution order.

The People appealed on November 21, 2014.

**DISCUSSION**

The People argue the trial court erred when it struck the term of the plea agreement that defendant pay victim restitution to the RFD. In the alternative, the People contend the court erred when it struck the restitution term instead of unwinding the plea.

Section 1202.4, subdivision (f), provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." For purposes of this section, the term "victim" includes a "government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity when that entity is a direct victim of a crime." (§ 1202.4, subd. (k)(2).)

Here, the RFD cannot be considered a "direct victim." In *In re Brian N.* (2004) 120 Cal.App.4th 591(*Brian N.*), overruled by *Martinez*, *supra*, 36 Cal.4th 384, a minor admitted to starting a grass fire on a vacant field. The court affirmed a restitution order to a local fire department, finding that the fire department was a direct victim of the crime under section 1202.4, given its duty and responsibility "to fight fires and minimize the danger of fire." (*Brian N.*, at pp. 593-594.)

However, about one year later, in *Martinez*, the Supreme Court held that the Department of Toxic Substance Control, the state agency that disposed of the toxic

4

substances found at an illegal drug laboratory, was not a direct victim for restitution purposes. (*Martinez,supra,* 36 Cal.4th at pp. 393-394.) The Court found that the defendant's attempt to manufacture methamphetamine "was not an offense committed against the Department, nor was the Department the immediate object of his crime." (*Id.* at p. 393.) The Court expressly stated that it disapproved of *Brian N.*, *supra*, 120 Cal.App.4th 591, "to the extent it holds that a fire department that has incurred labor costs in fighting a fire on a vacant lot not owned by the department is a direct victim of the crime of unlawfully causing a fire [citation] . . . ." (*Martinez, supra*, 36 Cal.4th at p. 394, fn 2.)

Here, the RFD cannot be considered a direct victim since defendant's crime was not committed against the fire department. Thus, the trial court was correct when it declined to order victim restitution to the RFD under section 1202.4, despite the inclusion of restitution in the plea agreement.

Further, Health and Safety Code section 13009 provides that a person who sets a fire "is liable for the fire suppression costs incurred in fighting the fire and for the cost of providing rescue or emergency medical services, and those costs shall be a charge against that person. The charge shall constitute a debt of that person, and is collectible by the person, or by the federal, state, county, public, or private agency, incurring those costs in the same manner as in the case of an obligation under a contract, expressed or implied." There is nothing in the statute, or in any of the plentiful cases considering the statute, to support the People's contention that such costs can be collected via a criminal restitution order. To the contrary, the cases make clear that the obligation is a contractual one and

5

must be collected as if based on an express or implied contract. (See, for example, *People v. Southern Pacific Co.* (1983) 139 Cal.App.3d 627; *People v. Wilson* (1966) 240 Cal.App.2d 574.)

Given this outcome, we now address the People's contention that the trial court should not have simply struck the restitution term from the plea agreement, but instead should have allowed the People to withdraw from the plea agreement and proceed to trial. Defendant argues that the People forfeited any right to argue for withdrawal of the plea by failing to obtain a ruling in the trial court. The People cite to *People v. Virgil* (2011) 51 Cal.4th 1210, 1249, for the proposition that the failure to obtain a ruling on an objection forfeits the claim. The People then contend that "the People did get a ruling on their request, albeit indirectly. The answer was no."

We disagree that the trial court ruled on the People's request to withdraw the plea. First, the sole remedy the People sought in the brief they submitted for the hearing on September 22, 2014, was the restitution order. Even when the People referred in their brief to the plea agreement and the court's obligation to honor that agreement, the People did not ask to have the agreement unwound. Second, the People orally raised this as a possible remedy for the first and only time toward the end of the restitution hearing as they completed their argument for restitution. The trial court then said, "Thank you" and proceeded to make and explain its ruling under *Martinez* and Health and Safety Code section 13009. The court concluded its ruling by asking the parties, "Is that cleared up for your future purposes?" That is the point at which the People should have pressed the court for a separate ruling on their request to unwind the plea agreement. Instead, the

6

parties engaged in a brief back-and-forth over whether the plea agreement actually provided for a *criminal* restitution order at all, at which point the court commented, "As I mentioned before, if you come in here with a restitution hearing, I wouldn't have heard it because it's not within your ability to assign that to the criminal court. It has to be done in civil court. [¶] Thank you." The proceedings concluded with both parties thanking the court. We conclude from this examination of the record that the trial court did not rule on the People's alternative request to unwind the plea agreement. The court simply did not address the People's request, made for the first time toward the end of the hearing. We also conclude that the People failed to obtain a ruling on that request, despite the trial court's invitation to the parties to clear up any issues left outstanding when it asked, "Is that cleared up for your future purposes?"

**DISPOSITION**

The trial court's order denying victim restitution to the RFD is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.

7