Filed 10/16/20  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C084834 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE011992) |
| v. | |
| LEONARDO MARTINEZ, | |
| Defendant and Appellant. | |

Convicted by jury of arson (Pen. Code, § 451, subd. (c))[1] with a stipulated prior misdemeanor conviction for unlawfully causing a fire (§ 452, subd. (c)), defendant Leonardo Martinez contends the trial court committed instructional error and entered an improper award of victim restitution.  We strike the victim restitution award and otherwise affirm.

---

[1]     Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

*The Present Case*

At around 8:00 p.m. on June 19, 2016, Thomas L. pulled up to the drive-thru lane at a McDonald's restaurant at 8940 Pocket Road in Sacramento, at its intersection with Freeport Boulevard. He saw a person (later identified as defendant) standing near a fence and an adjacent field. Defendant was holding a flaming piece of paper or cardboard and appeared to be rolling it to create a bigger fire. He then dropped it into the "maybe waist high," "very dry" grass of the field near the fence. Thomas L. called 911, while defendant stood and watched the growing fire until he walked away. As sirens from approaching fire trucks could be heard, defendant started walking back toward the fire, then spoke to the firefighters after they reached the scene.

Around 8:19 p.m., Sacramento Fire Department Captain Anthony Foo and his crew arrived. The fire covered an area of around three feet by eight to 10 feet. It took a few minutes to put out with a portable extinguisher. After Thomas L. pointed defendant out, Captain Foo contacted him.

Sacramento Fire Department Investigator David Fowler arrived shortly after the fire was extinguished. The field where the fire was set was "pretty large" with a lot of dry grass; at the edge of the field, the grass grew "pretty high up against the fence," and there was a "fair amount of brush" and a number of trees in the area. Fowler identified defendant as the suspect, then contacted the police, who arrested him.

*The Prior Case*

Around 2:00 a.m. on October 17, 2015, Rueben M.-Y. was driving near the intersection of Freeport Boulevard and Pocket Road when he saw a large fire burning in a field behind a carwash close to the McDonald's restaurant at 8940 Pocket Road. He pulled over and called 911. Seeing a man (later identified as defendant) walking away from the area, Rueben M.-Y. spoke to him; he was dressed in black and smelled of smoke.

2

At 2:47 a.m., Sacramento Fire Department Investigator Misty Cole arrived at the scene, where the fire was still burning. It covered an area of 100 feet by 600 feet. Because Cole found nothing in the area that could have accidentally caused the fire, she opined it had been deliberately set.

*Arguments of Counsel*

The prosecutor argued that defendant committed arson of "forest land" as defined in section 451—"brush-covered land, cut-over land, forest, grasslands, or woods"—because he set the fire willfully and maliciously. The prosecutor urged the jury to reject the lesser included offense of unlawfully causing a fire, which requires only the state of mind of recklessness. The prosecutor did not mention the offense of arson of property.

Defense counsel urged conviction of the lesser offense, arguing that the People had not proved defendant acted willfully and maliciously. Counsel did not raise any issue as to whether the burned area constituted "forest land" within the meaning of the statute. Nor did he mention the offense of arson of property.

## DISCUSSION

### I

Defendant contends the trial court erred in instructing the jury with a modified version of CALCRIM No. 1515, defining arson of forest land (§ 451, subd. (c)), because the instruction as given included parts of an instruction that applies to the offense of arson of property (*Id.*, subd. (d)). Therefore, according to defendant, the court's instruction failed to require the jury to find all the elements of arson of forest land proved beyond a reasonable doubt. We conclude any error was harmless.

3

*Background*

"A person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of, any structure, forest land, or property."  (§ 451.)**2**

"Forest land" (§ 451, subd. (c)) "means any brush[-]covered land, cut-over land, forest, grasslands, or woods" (§ 450, subd. (b)).  "Property" (§ 451, subd. (d)) "means real property or personal property, other than a structure or forest land" (§ 450, subd. (c)).

Before instructing the jury, the trial court stated outside the jury's presence: "Counsel, you've had an opportunity to review the jury instructions.  [¶]  Are there any objections to any of the instructions?"  Both counsel answered:  "No."

CALCRIM No. 1515, the pattern instruction applicable to both subdivisions (c) and (d) of section 451, states as relevant:  "The defendant is charged [in Count _____ ] with arson [in violation of Penal Code section 451(c/d)].  [¶]  To prove that the defendant is guilty of this crime, the People must prove that:  [¶]  1.  The defendant set fire to or burned . . . (a structure/forest land/property); [¶] AND [¶] 2.  (He/She) acted willfully and maliciously.  [¶]  To *set fire to or burn* means to damage or destroy with fire either all or part of something, no matter how small the part.  [¶]  Someone commits an act *willfully* when he or she does it willingly or on purpose.  [¶]  Someone acts *maliciously* when he or she intentionally does a wrongful act or when he or she acts with the unlawful intent to defraud, annoy, or injure someone else.  [¶]  [A *structure* is any (building/bridge/tunnel/power plant/commercial or public tent).]  [¶]  [*Forest land* means brush-covered land, cut-over land, forest, grasslands, or woods.]  [¶]  [*Property* means personal property or land other than forest land.]  [¶]  [A person does not commit arson if

---

**2**     Although the information originally charged the offense as the burning of "a structure and forest land," the words "a structure and" were deleted by interlineation. The amended information was read out to the jury at the start of trial.

the only thing burned is his or her own personal property, unless he or she acts with the intent to defraud, or the fire also injures someone else or someone else's structure, forest land, or property.]"

As given, CALCRIM No. 1515 included the bracketed definition of "forest land," while omitting the optional matter pertaining to "a structure" and to "personal property." However, it also told the jury defendant would be guilty of arson if he set fire to "forest land *or property*" (italics added), defining property as "land other than forest land."

*Analysis*

Assuming defendant's failure to object to the instruction does not forfeit his contention because the error potentially affected his substantial rights (§ 1259), we agree with the Attorney General that the error was harmless.

A trial court must instruct the jury on " 'those principles of law commonly or closely and openly connected with the facts of the case before the court.' " (*People v. Hood* (1969) 1 Cal.3d 444, 449.) Those principles of law include all the elements of the charged offenses and enhancements. (*People v. Williams* (2009) 170 Cal.App.4th 587, 638-639.)

"When considering a claim of instructional error, we view the challenged instruction in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner." (*People v. Houston* (2012) 54 Cal.4th 1186, 1229.) The parties' closing arguments may diminish any possibility of confusion. (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1220-1221, overruled on a different ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) Giving an irrelevant instruction (i.e., one that does not pertain to any evidence before the jury) is harmless error if it does not mislead the jury as to the issues to be decided. (See *Conservatorship of P.D.* (2018) 21 Cal.App.5th 1163, 1168, and cases cited therein; see generally 9 Witkin, Cal Procedure (5th ed. 2008) Appeal, § 433, p. 488.)

Since defendant was not accused of burning "land other than forest land," the trial court should not have instructed the jury that defendant could be convicted of burning "property" so defined. Nevertheless, the error was harmless by any standard.

The information, read out to the jury before the start of trial, defined the charge as the burning of "forest land," without mentioning "property" in the alternative. No evidence was presented that anything other than "forest land" as defined in section 450, subdivision (b), was burned.[3] The instruction correctly gave that statutory definition. The prosecutor reiterated it in closing argument. Defense counsel conceded that the element of burning "forest land" was satisfied and disputed only intent. Under all the circumstances, there is no reasonable probability that the instruction given misled the jury as to the issues to be decided.

II

Defendant contends the trial court erred by failing to instruct on the "lesser included offense" of arson of property. Although defendant is correct that the trial court has a duty to instruct on lesser included offenses if there was substantial evidence that the defendant committed the lesser but not the greater offense (*People v. Gonzalez* (2018) 5 Cal.5th 186, 197), his contention fails because arson of property in this case was not a lesser included offense of arson of forest land.

An offense is necessarily included within another offense (i.e., is a lesser included offense) if the greater offense cannot be committed without also necessarily committing the lesser offense. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) There are two tests for determining whether an offense is necessarily included within another offense: the elements test (whether the statutory elements of the greater offense include all the statutory elements of the lesser offense) and the accusatory pleading test (whether the

---

[3]     So far as defendant argues otherwise (see part II of the Discussion), we reject that argument for the reasons given below.

facts alleged in the accusatory pleading include all the elements of the lesser offense). (*Id.* at pp. 1227-1228.)

The statutory elements of arson of forest land are: (1) to burn forest land, as defined in section 450, subdivision (b); and (2) to do so willfully and maliciously. (§ 451, subd. (c).) The statutory elements of arson of property are: (1) to burn property, defined as "real property or personal property, other than a structure or forest land" (§ 450, subd. (c)); and (2) to do so willfully and maliciously (§ 451, subd. (d)). Because "property" excludes forest land by definition, arson of forest land may be committed without committing arson of property. Thus, arson of property is not a lesser included offense of arson of forest land under the elements test.

The information in this case, as amended by interlineation before trial, charged that defendant "did willfully, unlawfully, and maliciously set fire to and burn and cause to be burned forest land located at 8940 Pocket Road." It did not charge the burning of property under any part of the statutory definition of that term. Thus, arson of property was not a lesser included offense of arson of forest land in this case under the statutory pleading test.

Defendant asserts the jury could have convicted him of burning "land other than forest land" on this evidence because the statutory definition of "forest land" did not obviously fit the area burned. In support of this argument, he cites dictionary definitions of the terms used in section 450, subdivision (c), and evidence that shows, according to him, that the burned area did not come within any of those definitions. But he does not show that those dictionary definitions were put before the jury, much less relied on by the jury. And his attempts to reargue the weight of the evidence, unattached to any argument that the evidence was insufficient to support the verdict, are not cognizable on appeal.

We presume jurors follow the instructions given by the trial court, including the directives (all given here) to take the law only from those instructions, to apply only the definitions of terms given in those instructions, and to refrain from consulting outside

7

sources of authority such as dictionaries. (*People v. Holt* (1997) 15 Cal.4th 619, 662; CALCRIM Nos. 101, 200.) We cannot speculate that jurors would have disregarded that directive and chosen instead to apply private or personal definitions of the relevant terms, even after learning that both counsel agreed the burned area was "forest land" as defined by the instructions.

<center>III</center>

Lastly, defendant contends the trial court erred by awarding victim restitution to the Sacramento Fire Department and trial counsel was ineffective for failing to object to the award. The Attorney General agrees. We shall strike the award.

*Background*

The probation report recommended no victim restitution to the owner of the burned land, "LK Brand LLC," because it did not respond to the probation department's request for a statement and the blaze caused minimal damage. However, the report recommended victim restitution to the Sacramento Fire Department for its costs in extinguishing the blaze, in an amount to be determined. The trial court so ordered. Defense counsel did not object.

*Analysis*

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).)

A governmental agency may recover restitution under this provision if it is a "direct victim of a crime." (§ 1202.4, subd. (k)(2).) An agency is a "direct victim" only if the crime was committed against the agency or if the agency was the "immediate object" of the crime. (*People v. Martinez* (2005) 36 Cal.4th 384, 393.)

If a fire department incurs labor costs in fighting an arson-caused fire on a vacant lot the department does not own, the department may not recover victim restitution

<center>8</center>

because the crime was not committed against it and it was not the immediate object of the crime. (*People v. Martinez, supra*, 36 Cal.4th p. 394, fn. 2, disapproving *In re Brian N.* (2004) 120 Cal.App.4th 591, so far as it held to the contrary.) The trial court's order of victim restitution was therefore unauthorized by law, and we may correct an unauthorized sentence whenever it comes to our attention. (*In re Harris* (1993) 5 Cal.4th 813, 842; *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1095.)

<div align="center">DISPOSITION</div>

The award of victim restitution to the Sacramento Fire Department is stricken. In all other respects, the judgment is affirmed.

<div style="margin-left:50%">/s/<br>BLEASE, Acting P. J.</div>

We concur:

/s/
HULL, J.

/s/
MAURO, J.

<div align="center">9</div>