Filed 7/3/23  P. v. Parker CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>SAMANTHA RAE PARKER,<br><br>　　Defendant and Appellant. | 2d Crim. No. B322913<br>(Super. Ct. No. 21F-04907)<br>(San Luis Obispo County) |

Samantha Rae Parker appeals from a victim restitution order entered after she was sentenced to state prison for recklessly causing a fire.  (Pen. Code,[1] §§ 452, subd. (c), 1202.4.) Appellant was ordered to pay $5,636.25 in restitution to the City of Paso Robles Wastewater Treatment Plant (the Water Treatment Plant) for the purported costs of compensating the firefighters who responded to and extinguished the small fire that appellant started in the riverbed near the Water Treatment

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

Plant.  We agree with appellant that this order is erroneous because there is no evidence the Water Treatment Plant suffered the claimed losses or any other economic losses as a result of appellant's conduct.  Accordingly, we reverse.

**FACTS AND PROCEDURAL HISTORY**

In August 2021, appellant was charged in a complaint with arson of a structure or forest (§ 451, subd. (c) (count 1)), recklessly causing a fire (count 2), and possessing a drug ingestion device (Health & Saf. Code, § 11364, subd. (a) (count 3)).  According to the police report, appellant was a transient who set a small fire in the riverbed near 3200 Sulphur Springs Road in the City of Paso Robles (the City).  The City of Paso Robles Fire Department (the Fire Department) responded to the fire and quickly extinguished it; no structures were damaged.  In February 2022 appellant pleaded no contest to count 2, the remaining counts were dismissed, and she was sentenced to two years in state prison.

On May 3, 2022, the probation department filed a "restitution status determination memorandum" indicating that the Water Treatment Plant, which is located at 3200 Sulphur Springs Road, was submitting an attached request for $5,636.25 in victim restitution.  The attached "restitution request form" identifies the Water Treatment Plant as the "Victim/Business Name."  The claimed "miscellaneous crime related losses" consist of a handwritten notation of the "cost[s] of response" to the fire, which were arrived at by obtaining the hourly rates of the various Fire Department employees who purportedly responded to the fire and multiplying those rates by an "incident time" of 3.75 hours.  Although not otherwise identified, an individual named Melissa R. Luma signed the form to "certify under penalty of perjury . . . that the foregoing is a true and accurate statement

concerning my losses in this matter." A fee schedule for the City's emergency services was also attached.

In her written opposition to the request for restitution, appellant noted there was no evidence that the Water Treatment Plant was a direct victim of the fire that suffered any resulting economic losses. Appellant further asserted that Health and Safety Code section 13009 provides the exclusive remedy for government agencies seeking to recover fire suppression costs under these circumstances.

The People did not file a written response to appellant's opposition. At the restitution hearing, the People offered as exhibits a map depicting the property where the Water Treatment Plant is located and the location of the fire, a printout from the City's website regarding the Water Treatment Plant, and a copy of the police report of the incident. The prosecutor offered that "[n]o buildings were affected, only vegetation. The request for restitution is for the time of the firefighters. . . . The argument is essentially that *the City of Paso Robles* had to pay for the firefighters' response and their time and they are requesting restitution for that cost." (Italics added.) When asked to respond to appellant's argument that the Water Treatment Plant was not a direct victim of the fire, the prosecutor reiterated her position that "*[t]he City of Paso Robles is the victim and they are the ones who already paid the cost of the firefighters.*" (Italics added.)

The trial court asked the prosecutor, "'The City' being the [Water Treatment P]lant?" The prosecutor replied: "The City of Paso Robles owns the [Water Treatment P]lant and also provides the salaries for the [F]ire [D]epartment. . . . Therefore, they are the ones who incurred the costs of the fire fighters' time. And

3

they also own the [Water Treatment P]lant, making them the victim."

The court then asked the prosecutor to clarify if "[y]ou're saying that the [Water Treatment P]lant separately paid the [F]ire [D]epartment." The prosecutor reiterated her position that the City "owns" the Water Treatment Plant and added "[t]hey are [*sic*] the [Water Treatment P]lant, essentially. It's a department of the City . . . and the [F]ire [D]epartment is also a department within the City."

Defense counsel replied that the prosecutor had merely "pulled up a map and . . . talked to some people at the City and they say that that portion of the riverbed is observed by the City." Counsel also asserted among other things that "if the People cannot show that — and I don't think they can show — that the [W]ater [T]reatment [P]lant [paid] from their coffers the response cost of the [F]ire [D]epartment, I don't think they're entitled to any restitution." In concluding his argument, counsel reiterated that the People had not provided any proof that the Water Treatment Plant expended any money or any costs for fire suppression.

At the conclusion of the hearing, the court stated: "All right. I signed the order for restitution." The court did not address appellant's arguments or otherwise offer any explanation for its decision. The court's signed order identifies the "Waste Water Treatment Plant" as the victim and erroneously states that appellant "stipulated to the amount of restitution to be ordered" and that the restitution was awarded for the "value of property stolen or damaged."

## DISCUSSION

Appellant contends the order requiring her to pay $5,636.25 in victim restitution to the Water Treatment Plant

4

pursuant to section 1202.4 must be reversed because the People offered no evidence that the Water Treatment Plant was a direct victim of the fire that suffered the claimed economic losses. We agree.

Victim restitution orders are reviewed for an abuse of discretion. (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.) "'"""Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court."' [Citations.]" [Citation.] However, a restitution order "resting upon a '"demonstrable error of law"' constitutes an abuse of the court's discretion. [Citation.]" [Citation.] "In reviewing the sufficiency of the evidence [to support a factual finding], the '"power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.' . . . We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact. [Citation.]" [Citation.]'" (*Ibid.*)

Restitution is ordered under section 1202.4 for any direct victim that has suffered economic losses as a result of the defendant's criminal conduct. (§ 1202.4, subds. (a), (f).) A "'victim'" includes a "government, governmental subdivision, agency, or instrumentality . . . when that entity is a direct victim of a crime." (§ 1202.4, subd. (k)(2).) Victims, however, are only entitled to an amount of restitution that compensates them for actual losses arising out of the defendant's criminal behavior. (*People v. Busser* (2010) 186 Cal.App.4th 1503, 1510.)

Moreover, governmental agencies are not entitled to restitution for the costs they incur in responding to crimes that are not committed directly against them. (*People v. Martinez*

5

(2005) 36 Cal.4th 384, 393-394 & fn. 1.) In so holding, our Supreme Court disapproved another case "to the extent it holds that a fire department that has incurred labor costs in fighting a fire on a vacant lot not owned by the [fire] department is a direct victim of the crime" as contemplated in section 1202.4. (*Id.* at p. 394, fn. 2, disapproving *In re Brian N.* (2004) 120 Cal.App.4th 591.) Our Supreme Court has also more recently recognized that Health and Safety Code section 13009 "provides the sole mechanism by which a public agency may recover costs associated with fire suppression." (*Presbyterian Camp & Conference Centers, Inc. v. Superior Court* (2021) 12 Cal.5th 493, 503, fn. 6 (*Presbyterian*).)[2]

Even assuming there was a sufficient showing that the Water Treatment Plant is a direct victim of appellant's criminal conduct, the record is insufficient to show that it actually suffered any of the claimed economic losses, i.e., the costs of compensating the Fire Department employees who responded to the fire appellant started. Indeed, the People have acknowledged both below and on appeal that the Water Treatment Plant did *not* incur these costs and is not responsible for any portion of the salaries paid to the Fire Department's employees. In their

_____

[2] Health and Safety Code section 13009 provides in relevant part: "Any person . . . who negligently, or in violation of the law, sets a fire, allows a fire to be set, or allows a fire kindled or attended by [him or her] to escape onto any public or private property, . . . is liable for the fire suppression costs incurred in fighting the fire and for the cost of providing rescue or emergency medical services, and those costs shall be a charge against that person. The charge shall constitute a debt of that person, and is collectible by the person, or by the federal, state, county, public, or private agency, incurring those costs in the same manner as in the case of an obligation under a contract, expressed or implied."

respondent's brief, the People consistently and repeatedly assert as they did below that *the City* is responsible for these costs, not the Water Treatment Plant.

But the court did not award restitution to the City, and neither the City nor the People asked it to do so. The People offer no support for their assertion that the City and the Water Treatment Plant are essentially one and the same. Moreover, the People's position that section 1202.4 entitles the City (or the Water Treatment Plant) to recover labor costs incurred by the Fire Department in suppressing the fire is at odds with our Supreme Court's holdings in *Martinez* and *Presbyterian.* Although the order awarding such costs as restitution under section 1202.4 cannot stand, the City retains the right to pursue its remedy, if any, under Health and Safety Code section 13009.

## DISPOSITION

The August 22, 2022 order requiring appellant to pay $5,636.25 in victim restitution is reversed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Heidi Salerno, Deputy Attorney General, for Plaintiff and Respondent.